## COMMONWEALTH *vs.* WILLIAM MELLEY.

Upon the trial in the court of common pleas, on appeal from a police court, of a complaint for being a common seller of intoxicating liquors, the date of the trial of which in the police court appears by the copies of the complaint and judgment, a witness may be asked whether he recollected the trial in the police court, and whether he was in the defendant's shop within a month before that trial.

COMPLAINT for being a common seller of intoxicating liquors between the 1st of November 1858 and the 22d of January 1859, the date of the complaint. The defendant was convicted before the police court of Cambridge, and appealed.

The usual copies of complaint, warrant and judgment (in which the trial in the police court was stated to have taken place on the 24th of said January) were transmitted by the justice of the police court to the court of common pleas, and were duly entered in that court.

At the trial in that court, before *Bishop,* J., no part of the copy

of the record was read to the jury, except the complaint; but the whole copy of the record, without having been otherwise proved at the trial, was handed to them as they were retiring to their room.

A witness, being asked whether he had been in the defendant's shop within the period set out in the complaint, replied that he could not tell whether he had been there within that period or not. The district attorney, to fix the date of sale, then asked him, "Do you recollect the trial at the police court?" To this question the defendant objected, " on the ground, that any trial at the police court was a matter of record, and should not be proved orally by the witness; that the question assumed that there had been a trial in the police court, and that the witness had knowledge of it ; and also that it was immaterial whether the witness recollected the trial or not, inasmuch as the time of that trial did not appear." But the court ruled that the record had been put into the case, and sufficiently showed the time of the trial in the police court, and allowed the question to be put. The witness answered that he did recollect the trial.

The district attorney then inquired of the witness " whether he was in the shop of the defendant within one month prior to the trial in the police court." To this question the defendant objected, " for the reasons, that the time of said trial had not been proved ; that it was a matter of record, and should not be proved by parol; and that an affirmative answer would not necessarily show that he had been in the shop within the period alleged in the complaint." But the court allowed the question to be asked; and the witness answered that he had been in the defendant's shop within one month prior to the trial; and he was then allowed, under objection of the defendant, to state what he then did in said shop, and to testify that he then drank liquor there.

The defendant was convicted, and alleged exceptions.

*E. Ripley*, for the defendant.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

BIGELOW, J. The questions, to which the defendant objected

at the trial, were not put to the witness for the purpose of proving the date of the complaint or of the trial before the magistrate. These were already before the jury, by the introduction of the copy of the complaint and judgment. The object of the inquiries was to enable the witness to fix a date in his own mind by calling his attention to an event of which he was cognizant. For this purpose the evidence was clearly competent.

It does not appear that any evidence of a sale, subsequent to the period of time covered by the allegation in the indictment, was submitted to the jury. If such was the effect of the answers of the witness, which in certain aspects of the case were competent, the attention of the court should have been drawn to it at the trial, and proper instructions asked for by the defendant. In the absence of any statement to the contrary in the bill of exceptions, it must be assumed that the evidence was used only for legitimate purposes, and that proper instructions in regard to it were given to the jury. *Exceptions overruled.*